IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01912-MSK-CBS

JOHN TONEY and
VALERIE TONEY,

       Plaintiffs,

v.

GMAC MORTGAGE CORPORATION, a Pennsylvania Corporation,

       Defendant.

---

## PROTECTIVE ORDER

---

**THIS MATTER** comes before the Court on the Joint Motion for Protective Order (the "Motion") filed by Plaintiffs John Toney and Valerie Toney ("Plaintiffs") Defendant GMAC Mortgage, LLC, formerly known as GMAC Mortgage Corporation ("GMAC").

The Court having reviewed the Motion, the entire case file, and the applicable law and being sufficiently advised in the premises, hereby **GRANTS** the Joint Motion for Protective Order.  Based on the representations made by the parties in the Motion, the Court makes the following findings:

1.  On June 14 and 18, 2007, Plaintiffs each individually executed an Authorization to Release Medical Information, permitting GMAC to obtain records from Southwest Counseling Associates ("SCA") regarding therapy they have each received (the "SCA Records").

2.  The information contained in the SCA Records is confidential and, if made public, may serve to cause embarrassment to Plaintiffs within the meaning of Rule 26(c) of the Federal

1

Rules of Civil Procedure.  For the purposes of this Order, the information contained in the SCA

Records is referred to as "Confidential Information."

Based on these findings, the Court **ORDERS** as follows:

1. The Confidential Information shall be used and/or disclosed by GMAC

only in connection with pre-trial, trial, or appellate proceedings in the above-

captioned action unless otherwise agreed to in writing by the parties or if the Court

so orders.  This requirement shall not prejudice the right of any party to seek or

oppose an Order from this or any other Court permitting the use in other litigation of

material discovered in this case.

2. In the event that any question is asked at a deposition with respect to

which a deponent asserts, on the record, that the answer requires the disclosure of

Confidential Information, such question shall nevertheless be fully and completely

answered by the deponent.   Prior to answering, however, all persons present who are

not otherwise bound by the this Protective Order (this "Order") shall be advised of

and asked to evidence their agreement to the terms and conditions of this Order on

the record.  If any such person, other than the witness, declines to do so, they shall

leave the room during the time in which the Confidential Information is disclosed or

discussed.   Alternatively, or in addition, counsel for the designating party may,

within ten calendar days after receipt of the deposition transcript (and videotape, as

applicable), notify all other counsel, either on the record or in writing, that certain

identified portions of the deposition transcript will be designated "Confidential

Information."  Those portions of the deposition that are so designated shall be filed

2

separately and under seal with the Court whenever the deposition is so filed. In order to facilitate such designations, unless otherwise agreed to in writing by the designating party, all deposition transcripts in which Confidential Information is disclosed shall be treated as "Confidential Information" until ten calendar days after receipt of the deposition transcript.

3. In accordance with this Order, Confidential Information (as defined herein) shall be reviewed and disclosed only as follows, and only after complying with the procedures set forth herein:

A. To attorneys of record in this action, their associated attorneys, paralegals and clerical staff who are directly working on the above-captioned case, provided that each person to whom the information is to be disclosed first shall be shown a copy of this Order and be advised that they are bound by its terms and conditions;

B. To outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials, provided that the contractor first shall be shown a copy of this Order and be advised that they are bound by its terms and conditions. These parties are not entitled to read the Confidential Information except for the limited purpose of ordering or retrieving documents and are otherwise solely limited to handling the Confidential Information;

C. To employees of the GMAC who are directly working on, assisting with and/or involved in decision-making for GMAC regarding this action,

3

provided that each person to whom the information is to be disclosed first shall be shown a copy of this Order and be advised that they are bound by its terms and conditions;

D.  To any person requested by counsel to furnish technical or other expert services or to give testimony, or otherwise to assist in trial preparation; provided that counsel disclosing the Confidential Information shall maintain a list of the name, title, and business address of each such person to whom the information is disclosed; and that each person to whom the information is to be disclosed first shall be shown a copy this Order and be advised that they are bound by its terms and conditions;

E.  To any deponent or potential deponent in this action who is first advised of the terms and conditions of this Order and provided that the "Confidential Information" is not left in the possession of such person. Any party may request that the deponent agree on the record to be bound by this Order, and if the deponent refuses, the requesting party may request a delay pending a motion to the Court.  The only deponents or potential deponents entitled to read Confidential Information are those whose testimony has direct relevance to the Confidential Information;

F.  To the Court and to Court reporters who record and/or transcribe deposition or other testimony in this action.

G.  No document or other information that is or becomes widely available as a matter of public record, or is otherwise intentionally disclosed to the

4

public at large by the Plaintiffs or their counsel shall be considered Confidential Information.

H.    The parties may stipulate that certain information contained in the SCA Records is not deemed Confidential Information and, therefore, will not be subject to the provisions of this Order.    Such stipulation shall be in writing.

I.    If necessary, Confidential Information may be referenced in and/or appended to any Confidential Settlement Statement(s) required to be submitted to the Court.   In the event of such disclosure, the disclosing party shall clearly identify the specified information as "Confidential Information" and shall refer to this Order.

J.    Confidential Information filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such information, shall be filed and kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and other persons to whom "Confidential Information" may be disclosed in accordance with the terms of this motion and the Protective Order.

K.    If Confidential Information will be used at trial, prior to the Final Pre-Trial Conference, scheduled for March 12, 2008, the parties shall jointly develop a protocol for the use and disclosure of Confidential Information at trial.   Such protocol shall be submitted to the Court for the Court's approval with the Final Pre-Trial Order, <u>no later than five days prior to the</u>

Final Pre-Trial Conference.

L.    If at any time GMAC objects to a designation of information as "Confidential Information" under the Protective Order, GMAC shall notify Plaintiffs in writing.  GMAC shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection.  Within ten calendar days of the receipt of such notice, counsel for the parties shall meet and confer in an effort to resolve their differences.  Within fifteen calendar days of the receipt of such notice, Plaintiffs may apply for a ruling on the continued designation of the information as "Confidential Information."  The information shall be maintained as "Confidential Information" until the Court rules otherwise, provided however that, if no application is submitted within the fifteen-day period, the information shall be deemed not to contain "Confidential Information."

M.    Within thirty calendar days of final termination of this action, Plaintiffs may request the return of some or all of the Confidential Information in GMAC's custody or control, including all copies thereof.  In the event of such a request, GMAC shall return the Confidential Information to Plaintiffs, including any copies in its custody or control.  GMAC, however, shall be permitted to retain copies of Court filings containing such documents, deposition transcripts and all of its respective work product, which shall continue to be subject to the provisions of this Order.

N.    If GMAC receives a subpoena from a non-party to this action seeking production or other disclosure of information designated "Confidential Information," it shall immediately give written notice to Plaintiffs.  In the said notice, GMAC shall specify the information sought and enclose a copy of the subpoena or other form of compulsory process.  Where possible, at least ten calendar days' notice shall be given.  In no event shall production or disclosure be made before notice is given to Plaintiffs.

4.  This Order is filed solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. This Order is without prejudice to the rights of any party to apply for additional or different protection where it is deemed appropriate.

5.  Because this Protective Order is an Order of the Court, violators are subject to the penalties associated herewith.

DATED at Denver, Colorado, this 24th day of July, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge