IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01912-MSK-CBS

JOHN TONEY, and
VALERIE TONEY,

      Plaintiffs,

v.

GMAC MORTGAGE CORPORATION, a Pennsylvania Corporation,

      Defendant.

_____

**OPINION AND ORDER GRANTING MOTION
FOR PARTIAL SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Partial Summary Judgment **(# 76)**, the Plaintiffs' response **(# 82**, as clarified **# 88)**, and the Defendant's reply **(# 90)**.

This matter arises out of a dispute between the Plaintiffs, borrowers on a mortgage loan, and the Defendant, the entity assigned to service that loan. The Plaintiffs contend that the Defendant failed to timely credit their mortgage payments, charged improper fees, failed to respond to requests of information, improperly foreclosed upon the loan, and improperly reported delinquencies to credit agencies. The Plaintiffs commenced this action on September 26, 2006 **(# 1)**, by filing a *pro se* Complaint alleging 6 causes of action: (i) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, in that the Defendant failed to respond to qualified written requests by the Plaintiff for information about their account; (ii) violation of

1

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, in that the Defendant falsely reported incorrect information about the Plaintiffs to credit reporting agencies and failed to promptly remove the information when notified by the Plaintiffs; (iii) breach of contract, under an unspecified state's common law, in that the Defendants variously failed to promptly credit payments, failed to respond to written requests, and failed to give the Plaintiffs a contractually-specified time for cure prior to commencing foreclosure proceedings; (iv) unjust enrichment, under an unspecified state's common law, in that the Defendant continues to hold a $50,000 lien on the Plaintiffs' home; (v) breach of the covenant of good faith and fair dealing, under an unspecified state's common law, apparently based on the same acts as the breach of contract claim; and (vi) a claim for declaratory and injunctive relief, seeking to enjoin the Defendant to "cease the activities described herein."

On March 13, 2007, the Plaintiffs filed a *pro se* Amended Complaint **(# 24)**, adding an additional claim for intentional infliction of emotional distress "and/or" negligent infliction of emotional distress, arising from various conversations that the Plaintiffs had with the Defendants' officials relating to the status of the loan. Approximately a month later, counsel appeared on the Plaintiffs' behalf. Counsel moved to again amend **(# 33)** the Complaint to add an additional claim arising under the Uniform Commercial Code, but the Magistrate Judge denied **(# 37)** that motion without prejudice for non-compliance with D.C. Colo. L. Civ. R. 7.1(A). Nevertheless, counsel for the Plaintiffs did not again seek to amend the Amended Complaint. As a result, although the Plaintiffs' originally commenced this action *pro se*, the Court deems their counsel to have adopted the contents of the Amended Complaint in its entirety, and thus, the Court does not afford the Plaintiffs the liberal construction of the pleadings due to *pro se* litigants.

The Defendant filed the instant motion for partial summary judgment **(# 76)**, seeking summary judgment on statute of limitations grounds with regard to the Plaintiffs FCRA and emotional distress claims, and seeks summary judgment on the unjust enrichment claim as being legally deficient.

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

Turning first to the FCRA claim, claims under that Act are governed by a two-year statute of limitations. 15 U.S.C. § 1681p. The statute begins to run "from the date on which liability arises," although the statute postpones the accrual date of a claim until discovery if the defendant "has materially and willfully misrepresented any information required under the Act to be disclosed." *Id.* The Defendant acknowledges that it bears the burden of proving that the

Plaintiffs' FCRA claim is untimely.

In support of its Motion, the Defendant points to communications from the Plaintiffs to the Defendant in October 1, 2003; March 24 and 29, 2004; April 26, 2004; May 27, 2004; July 20, 2004; and September 22, 2004 in which the Plaintiffs specifically alleged that actions taken by the Defendant had violated the FCRA. This evidence establishes that the Plaintiffs were aware of the existence of their potential FCRA claims between October 1, 2003 and September 22, 2004. The Plaintiffs did not commence this action until September 26, 2006, more than two years from the latest possible date of the discovery of any FCRA violation. Thus, the Defendant has come forward with sufficient evidence to show that the Plaintiffs' FCRA claim is untimely.

The Plaintiffs' response to the Defendant's motion does not offer specific arguments in support of the FCRA claim. The response contains a point heading that reads, in its entirety, "Plaintiffs do not concede to GMAC's Motion for Summary Judgment with respect to the Second Claim for Violations of the Fair Credit Reporting Act, and rests on the causes of action alleged in their complaint and asserts that by its very nature genuine issues of fact remain. Plaintiffs' reserve further argument pending approval of Plaintiffs Motion for Extension of Time to Answer Partial Summary Judgment."[1]

In essence, the Plaintiffs have not responded to the Defendant's arguments that the FCRA

---

[1]The Plaintiffs' Motion for Extension of Time **(# 81)** was filed effectively contemporaneously with the response to the summary judgment motion. That motion cited the press of other business and requested an additional week to file a response. Nine days later, the Court denied the Plaintiffs' motion for extension of time as moot **(# 86)**, as the Plaintiffs had, in fact, filed a summary judgment response. A few days later, the Plaintiffs filed a Motion to Clarify **(# 88)** their summary judgment response to replace a concluding paragraph conceding the FCRA and unjust enrichment claims with a paragraph that essentially restates the point heading quoted above. The Court granted **(# 89)** that motion.

claim is untimely, and have rested on the allegations in their complaint. When faced with a motion for summary judgment, a party may not simply rest on its prior pleadings, but must come forth with specific evidence that establishes the existence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); *BancOklahoma Mort. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1097 (10th Cir. 1999). Because the Plaintiffs have done nothing that is sufficient to demonstrate a genuine dispute of material fact as to the timeliness of the FCRA claim, the Defendant is entitled to summary judgment on that claim as barred by the statute of limitations. Accordingly, the FCRA claim is dismissed.

The Defendant also seeks summary judgment on the emotional distress claims as untimely. The Defendant contends that these claims are governed by Colorado law, and are subject to a two-year statute of limitations under C.R.S. § 13-80-102. That statute provides that a claim for emotional distress accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1). A plaintiff's who is aware of an injury but uncertain as to the full extent of the damage sustained is not prevented from filing suit, and thus, is not entitled to a tolling of the statute of limitations. *See e.g. Taylor v. Goldsmith*, 870 P.2d 1264, 1266 (Colo. App. 1994). Again, the Defendant acknowledges that it bears the burden of proof on the defense of statute of limitations.

The Defendant states that it understands the acts giving rise to the Plaintiffs' emotional distress claims are telephone conversations between the Plaintiffs and Tom Scollin, which occurred no later than December 18, 2003, and between the Plaintiffs and Samuel Howell, which occurred no later than September 24, 2003. In support of this contention, they submit the affidavit of Kevin Crecco, who states that he has reviewed the Defendants records and determined

5

that the dates given are the last dates upon which Scollin and Howell spoke to the Plaintiffs. Once again, the Plaintiffs commenced this action on September 26, 2006, more than two years after these conversations. Thus, the Defendants have made a *prima facie* showing that the Plaintiffs' emotional distress claims are untimely.

In response, the Plaintiffs appear to agree that the conduct giving rise to the claims are conversations with Scollin and Howell in later 2003, and appear to also agree that the claims are governed by Colorado law, but argue that the statute of limitations should be equitably tolled because "the full extent of [Plaintiff Valerie Toney's] emotional trauma caused by her dealings with GMAC was not discovered until she shought therapy beyond the two year statute of limitations." They contend variously that Plaintiff Valerie Toney suffered a brain injury that makes it difficult for her to recall the events of 2003, that she is predisposed to depression, and that she did not realize "the full extent of her emotional trauma" until 2005, when, during therapy, her recollection of her dealings with the Defendant "triggered her memory" of being raped when she was 16 years old. The Plaintiffs summarize their argument, stating that "The full extent of Valerie Toney's emotional damages was not fully uncovered until she shought therapy in 2005."

As mentioned previously, a claim for emotional distress accrues when a plaintiff is aware of both having suffered an injury – that is, having experienced emotional distress – and the alleged cause of that injury. C.R.S. § 13-80-108(1). The fact that the plaintiff is not <u>fully</u> aware of the extent of the injury does not prevent the plaintiff from filing suit, and thus, cannot toll the statute of limitations. *Taylor*, 870 P.2d at 1266, *citing Jones v. Cox*, 828 P.2d 218, 224 & n. 4 (Colo. 1992). As the Colorado Supreme Court stated in *Jones*, the claim accrues "when a suit may be maintained thereon." Thus, the Plaintiffs' emotional distress claim accrued as soon as the

Plaintiffs suffered emotional distress that could be traced to their conversations with Scollin and Howell, not when that emotional distress was exacerbated in later therapy.

In its reply, the Defendant points to a July 20, 2004 letter from the Plaintiffs to the Defendant that states "The damage that GMAC has done to us . . . are massive. . . Add to that the emotional distress that all of this has had on both of us, and our 5 children. . . Yes, the damage GMAC has done to us has been monumental." In addition, the Court notes that the Amended Complaint alleges that "The situation with GMAC has been a lead weight that everyone in the Toney household has been affected by, since Mr. and Mrs. Toney have been in a perpetual state of anxiety dating back to 2003." *Docket* # 24 at ¶ 87. Under these circumstances, the Court finds that the Plaintiffs' claims for emotional distress accrued no later than July 20, 2004, a date more than two years prior to Plaintiffs' commencement of this action in September 2006. Accordingly, the emotional distress claims are barred by the statute of limitations, and those claims are dismissed.

Finally, the Defendant moves for summary judgment on the Plaintiffs' unjust enrichment claim, arguing that it is legally barred due to the existence of a formal contract between the parties. The Defendant argues that under Colorado law, a claim for unjust enrichment cannot be brought if the parties have an express contract that governs their conduct. *Bedard v. Martin*, 100 P.3d 584, 591 (Colo. App. 2004). It notes that the Plaintiffs seek disgorgement of profits and interest through the unjust enrichment claim, and contends that because the parties here had an express contract that addressed their relative rights and obligations, the Plaintiffs cannot use an unjust enrichment claim to defeat the parties' contractual obligations.

The Plaintiffs' response to this issue is essentially the same as their response to the

Defendant's motion with respect to the FCRA claim. They have set forth a single point heading purporting to "rest[ ] on the causes of action alleged in their complaint" and "reserve further argument pending approval" of their request for an extension of time. Their "clarification" of their motion does not add any additional response or argument on this issue.

In this instance, the Plaintiff bears the burden of proof on all of the elements of an unjust enrichment claim at trial. Thus, when faced with a motion for summary judgment that challenges its ability to prove the elements of the claim, the Plaintiffs must produce sufficient competent evidence to establish each element of the claim, or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). As stated previously, the Plaintiffs cannot simply rest on their pleadings, but must come forward with facts or law demonstrating that the claim can be maintained in these circumstances. Because the Plaintiffs have not done so, the Defendant is entitled to summary judgment on the unjust enrichment claim.

Accordingly, the Defendant's Motion for Partial Summary Judgment **(# 76)** is **GRANTED**. The Plaintiffs' claims for violation of the FCRA and for intentional and/or negligent infliction of emotional distress are **DISMISSED** as untimely, and the Defendant is entitled to summary judgment on the unjust enrichment claim.

Dated this 12th day of March, 2008

                                             **BY THE COURT:**

                                             */s/ Marcia S. Krieger*

                                             Marcia S. Krieger
                                             United States District Judge